**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Derrick Lee Cardello-Smith, *et al.*,

                    Petitioners,      Case No. 26-cv-11260

v.                               Judith E. Levy
                               United States District Judge

Sean John Combs, *et al.*,

                               Mag. Judge Curtis Ivy, Jr.

                    Respondents.

_____/

**ORDER DISMISSING THE PETITION**
**FOR A WRIT OF HABEAS CORPUS [1]**

The Court received a petition for a writ of habeas corpus that indicates that it is signed by Petitioners Derrick Lee Cardello-Smith and Carli Carpenter. (ECF No. 1.) Cardello-Smith is confined at the Chippewa Correctional Facility in Kincheloe, Michigan. Carpenter was a complainant in one of Cardello-Smith's criminal cases. The Court construes the petition as being filed by Cardello-Smith and purportedly by Carpenter on Cardello-Smith's behalf, given that the petition seeks Cardello-Smith's release from custody (among other things). (*Id.*)

The petition for a writ of habeas corpus is dismissed for two reasons.

First, Carpenter, if she consented to participating in this action, lacks standing to file a habeas petition on behalf of Cardello-Smith. An application for a writ of habeas corpus may be filed by one person on behalf of another. *See* 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status is not granted automatically. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Two "firmly rooted prerequisites" must be satisfied before "next friend" status is conferred: (1) "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action" and (2) "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id.* Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." *Id.* at 164 (internal citations omitted).

2

Cardello-Smith clearly represents his own interests in this allegedly jointly filed petition. Therefore, a next friend may not pursue relief on Cardello-Smith's behalf.

Second, Cardello-Smith is an enjoined filer who has not complied with the requirements that apply to him for filing a new case. On June 30, 2025, the Court issued an Opinion and Order in a different case brought by Cardello-Smith, enjoining him from filing any additional cases or documents in this district without leave of court. *See Cardello-Smith v. Combs*, No. 24-cv-12647, 2025 WL 1951722 (E.D. Mich. June 30, 2025). The Court imposed pre-filing restrictions on Cardello-Smith due to his extensive history of vexatious and frivolous litigation. *See id.* at *7–12. The Court imposed the following restrictions:

> First, Plaintiff Derrick Lee Cardello-Smith is ENJOINED from filing any new lawsuits or other documents in the Eastern District of Michigan without first seeking and obtaining leave of court. Specifically, he must receive written permission from the Chief Judge or the Miscellaneous Duty Judge by following the requirements below:
>
> > 1. If Cardello-Smith wishes to file any document in the U.S. District Court for the Eastern District of Michigan, including a complaint, he must file a "Motion Pursuant to Court Order Seeking Leave to File."
> >
> > 2. With the above Motion Pursuant to Court Order Seeking

3

Leave to File, Cardello-Smith must attach the following as exhibits:

a. A copy of the document he proposes to file;

b. A copy of this Order;

c. A written declaration which he has prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit, certifying that (1) the document raises a new issue which has never been previously raised by him in this or any other court, (2) the claim or issue is not frivolous, and (3) the proposed filing is not being filed in bad faith;

d. A document containing a list showing (1) the complete caption of every suit that has been previously filed by him or on his behalf in any court against each defendant in any new suit he wishes to file and (2) the complete caption of every suit which he has currently pending;

e. A complete set of copies of each Complaint identified and listed in the document required by subparagraph (d) above, along with a record of its disposition.

The Court may deny any Motion for leave to file if it does not comply with the above requirements or if the proposed filing is duplicative, frivolous, vexatious, or harassing. If the Motion is denied, the proposed filing shall not be accepted for filing. Cardello-Smith's failure in any way to comply fully with the terms of this Order shall be sufficient grounds to deny any Motion for leave to file.

Further, to prevent future harassment and waste of the Court's limited resources, the Clerk's office is ORDERED as follows:

> 1. Any document submitted by Cardello-Smith shall not be accepted for filing unless it is a "Motion Pursuant to Court Order Seeking Leave to File" and unless it contains the exhibits described above.
>
> 2. The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, or any other documents, in connection with any "Motion Pursuant to Court Order Seeking Leave to File," which Cardello-Smith files, unless and until leave has been granted.

*Id.* at *11–12.

Cardello-Smith did not comply with the requirements of the Court's June 30, 2025 Opinion and Order. He failed to file the requisite motion and documentation, and he failed to obtain the Court's permission to proceed with this case. Accordingly, Cardello-Smith is enjoined from filing this petition for a writ of habeas corpus, and the petition is dismissed.

For the reasons set forth above, the petition for a writ of habeas corpus (ECF No. 1) is DISMISSED.

Moreover, the Court DENIES a certificate of appealability because jurists of reason would not debate that Carpenter may not file a habeas petition on Cardello-Smith's behalf or that Cardello-Smith has not obtained the required permission to proceed with this case. *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

IT IS SO ORDERED.

Dated: April 28, 2026                   s/Judith E. Levy
     Ann Arbor, Michigan              JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

6